**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Willard B. Crawford, | : | Case No. 23-12626 (AMC) |
| | : | |
| Debtor. | : | Hearing Date: January 10, 2024 at 11:00 am |
| | : | Objections Due: December 5, 2023 |
| | : | |

## MOTION TO ALLOW LATE FILED CLAIMS

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, respectfully moves this Court pursuant to 11 U.S.C §§ 501, 502, and 105, and Fed. R. Bankr. P. 3003 and 9006, to allow it to file late-filed claims. In support of this Motion, PFFCU states as follows:

### Background

1.      On August 31, 2023, the Debtor filed a voluntary petition for relief pursuant to Chapter 13, Title 11, United States Code, 11 U.S.C. § 101, *et seq.*

2.      PFFCU did not receive notice of the Debtor's bankruptcy filing.

3.      Although the initial certificate of service for the appointment of next friend indicates service of such request on PFFCU, PFFCU has no record of receiving that notice or any other notice prior to the claim bar date. The BNC notices from the court did not go to creditors and appear to have only gone to the Debtor.

4.      On November 20, 2023, PFFCU received the Chapter 13 Trustee's notice regarding the upcoming meeting of creditors and learned through this notice, for the first time, that the Debtor had filed for Chapter 13 relief. PFFCU immediately prepared and filed its proof

of claim forms on the Claims Register in the Debtor's bankruptcy case, Claims number 5 and 6.

At the time that it filed its claims, only three other creditors had filed claims in the case.

### Motion to Allow Late Filed Claim

5.     PFFCU moves this Court to allow it to file its claims in the Debtor's case

reflecting the amounts outstanding on an unsecured signature loan and unsecured Visa account

(the "Late Filed Claims"), both of which are listed by the Debtor in his bankruptcy schedules.

Rule 3003 of the Federal Rules of Bankruptcy Procedure provides in part that

> Any creditor or equity security holder whose claim or interest is
> not scheduled or scheduled as disputed, contingent, or unliquidated
> shall file a proof of claim or interest within the time prescribed by
> subdivision (c)(3) of this rule; any creditor who fails to do so shall
> not be treated as a creditor with respect to such claim for the
> purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2).  However, Rule 9006 also states that

> when an act is required or allowed to be done at or within a
> specified period by these rules or by a notice given thereunder or
> by order of court, the court for cause shown may at any time in its
> discretion . . . on motion made after the expiration of the specified
> period permit the act to be done where the failure to act was the
> result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).  Thus, Rule 9006 of the Federal Rules of Bankruptcy Procedure

permits late filing of proofs of claim upon a showing of "excusable neglect."  *Pioneer Inv.*

*Services v. Brunswick Associates*, 507 U.S. 380 (1993) (discussing excusable neglect).  As the

Supreme Court in *Pioneer* emphasized, "excusable neglect" is a "somewhat 'elastic concept' and

not limited strictly to omissions caused by circumstances beyond the control of the movant."

*Pioneer*, 113 S. Ct. at 1496 (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure §

1165, p. 479 (2d ed. 1987)). A court should weigh "all relevant circumstances" in determining

whether to permit a late claim, including the following factors: (1) the danger of prejudice to other parties, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer*, 113 S. Ct. at 1498.

6.      In this case, there is no danger of prejudice to other parties to allowing the Late Filed Claims. A plan has not yet been confirmed in the Debtor's case and the Chapter 13 Trustee has not yet made a distribution to creditors.

7.      While PFFCU was listed as a creditor, it had no knowledge of the Debtor's bankruptcy case until after the proof of claim bar date. Given that only three creditors filed claims before the bar date, there may be some issue with the service made in the case generally.

8.      PFFCU moved expeditiously upon learning of the Debtor's bankruptcy filing. In determining whether a delay is too long, a court should consider the "context of the proceeding as a whole" along with the creditor's explanation of delay. *Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 128 (2d Cir. 2005). PFFCU's delay is not so long as to prejudice any party. No distributions have been made to creditors, the meeting of creditors has not been held and no activity has yet occurred in the case toward confirmation of a plan. Based on the circumstances of this case, PFFCU has not delayed filing a claim and has acted promptly; therefore, the Late Filed Claims must be allowed.

9.      Finally, PFFCU has acted in good faith. The Late Filed Claims were not filed in an effort to harm the Debtor or any party-in-interest in this case. Rather, PFFCU is seeking to have its legitimate claims treated as all similarly situated claimants of the Debtor and to have its claims resolved through the Debtor's Chapter 13 plan.

## Conclusion

PFFCU requests that this Court enter an order allowing PFFCU's Late Filed Claims (Claims 5 and 6) against the Debtor, which are included on the Debtor's Claims Register.

Dated: November 21, 2023

/s/  Anne M. Aaronson
**DILWORTH PAXSON LLP**
Anne M. Aaronson
Yonit A. Caplow
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Attorneys for Police and Fire Federal Credit Union*